[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The minor plaintiff, Afrodite Papadopoulos, brings this action by her parent, Galene Papadopoulos, against the defendant Tracey L. Demassa, for injuries sustained when she was allegedly thrown from the hood of a vehicle driven by the defendant. CT Page 4338
In the plaintiff's two count complaint, she alleges a cause of action in negligence and recklessness in the operation of a motor vehicle. The defendant filed an answer and the special defenses of contributory negligence as to the first count, and recklessness on the part of the plaintiff as to the second count of the complaint.
The plaintiff filed a motion (#113) to strike the defendant's second special defense. A motion to strike is proper when a party challenges special defenses contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73, 636 A.2d 786
(1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 ( 1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense. . . ." Ivey, Barnum, O'Mara v.Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2,461 A.2d 1369 (1983).
The plaintiff argues that the defendant's second special defense, alleging comparative recklessness on the part of the plaintiff, should be stricken on the grounds that the defendant simply re-pled the contributory negligence defense and added the word "intentional." The plaintiff also contends that the defendant did not assert a recklessness defense but rather made claims sounding in assumption of risk which is no longer applicable in Connecticut.
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.) Bishop v.Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). Furthermore, "a party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant' s conduct was reckless." MartinezCT Page 4339v. Ruffels, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 143078 (June 8, 1995, Lewis, J.).
"However, where the allegations of a count of a contested pleading support a cause of action for recklessness, the count sounding in recklessness is sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Fortier v. Hoban, Superior Court, Judicial District of Waterbury, Docket No. 119573 (November 17, 1994, Sylvester, J.); Lukowsky v. Woodmere Health Care, Superior Court, Judicial District of Waterbury, Docket No. 091141 (June 25, 1994, Sullivan, J.). Construed most favorably to the nonmoving party, the allegations contained in the defendant's second special defense that the plaintiff knew of the danger involved in riding on the hood of a moving vehicle and yet intentionally remained on the hood of the vehicle while it was in motion, support a special defense sounding in recklessness. Accordingly, the plaintiff's motion to strike is denied.
So Ordered.
LEWIS, J.